## ALEX COOPER v. THE STATE.

### No. 1653. Decided April 10, 1912.

### Rehearing Denied May 8, 1912.

**1.—Attempt to Commit Burglary—Declarations of Defendant—Arrest.**

Where defendant's bill of exception as approved by the court showed that no evidence was admitted to go to the jury as to any statement made by defendant after he was arrested, there was no error. Following Blain v. State, 34 Texas Crim. Rep., 448; besides, no arrest was shown.

**2.—Same—Evidence—Alibi—Charge of Court.**

Where the defendant contended that he slept at the residence of his mother on the night of the attempted burglary, and that he was not awakened until after daylight; the State contending that the offense was committed before daylight, and the court submitted a correct charge on alibi, reasonable doubt, etc., there was no error.

**3.—Same—Charge of Court—Practice on Appeal.**

The charge of the court must be taken as a whole, and when the same is not subject to the criticism that it is upon the weight of the evidence, there is no error.

**4.—Same—Argument of Counsel.**

Where the argument of State's counsel was not improper, but simply a deduction from the testimony, there was no error.

**5.—Same—Argument of Counsel.**

Where the district attorney did not use the language imputed to him, as shown by the bill of exceptions, there was no error.

**6.—Same—Cross-Examination—Bill of Exceptions.**

Where the bill of exceptions did not show that defendant's witness testified to any material facts or in what way the cross-examination of State's counsel had been harmful to defendant, there was no reversible error.

**7.—Same—Election by State.**

Where the indictment in one count charged the defendant with burglary, and in another count, with an attempt to commit burglary, the State could not be required to elect, and the court properly submitted both counts.

**8.—Same—Practice on Appeal.**

Where the matters complained of were not reserved by bill of exceptions or motion for new trial the same can not be reviewed on appeal.

**9.—Same—Circumstantial Evidence—Charge of Court.**

Where the evidence was not entirely circumstantial and defendant was identified as the party who attempted the burglary, there was no error in the court's failure to charge on circumstantial evidence.

**10.—Same—Indictment—Endorsement.**

Where, upon trial of attempt to commit burglary, the indictment was endorsed, "indictment for burglary," this did not render the indictment void, and was no ground to quash same.

**11.—Same—Bill of Exceptions—Practice on Appeal.**

Where the trial judge specifically declined to approve the bill of exceptions, it can not be considered on appeal; besides, the remarks of State's counsel did not constitute reversible error; no requested charge having been asked.

**12.—Same—Bill of Exceptions—Qualification.**

Where a bill of exception is qualified by the trial judge and accepted by the defendant, he is bound thereby. Following Blain v. State, 34 Texas Crim. Rep., 448.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of an attempt to commit burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O. Dickens,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was convicted of an attempt to commit burglary in that he unlawfully, in the night-time, did attempt to enter a private residence with the intent to commit theft.

The State's witnesses testify that between four and five o'clock in the morning of the 13th of last August they were awakened by a noise at the window, and when they looked defendant had his left hand in under the window screen and his right hand on the window raising it. One of the witnesses says she screamed when defendant run. One of the witnesses positively identifies defendant as the person who was raising the window, while another says that defendant looks like the person who was at the window. The ladies telephoned for an officer, and two policemen, Officers Starr and Griffin, came, to whom they explained the matter, and in a short time thereafter the officers returned bringing defendant with them. The house attempted to be entered is a short distance south of the university grounds, in the city of Austin, and Officer Starr says when the ladies reported to him he found tracks and followed the tracks to the university grounds, and when he entered the grounds he saw defendant walking very fast, going in a northeasterly direction. He galloped and overtook defendant, and asked his name, and asked him where he was going, and what he was doing there. That he was undecided whether to arrest him or not; that defendant gave him a different name from that now claimed by him, and said he had come from his brother-in-law's, over near Major Littlefield's, and was going to a residence on Twelfth and Sabine Streets. He then took defendant

back to the residence where the ladies were. That defendant's hat had white dust on it, and the ground back of the house attempted to be entered is white and chalkie in places; that he examined the shoes of defendant, and one of his shoes had the heel off, and the other was partly off, and both had broken parts about the bend of the foot; that the footprints found back of the residence looked as though they were made by the defendant's shoes, that they fit the track exactly.

1. The appellant objected to the officer detailing what he said when the officer came upon him on the university grounds, alleging that he was then under arrest. The court in approving the bill says, that no evidence was admitted or allowed to go to the jury as to any statement made after he was arrested. Appellant accepts this bill with this qualification and files it, and under the decisions of this court he is bound thereby. (Blain v. State, 34 Texas Crim. Rep., 448.) But if we were to go to the evidence, there is nothing therein to suggest that defendant knew at the time Mr. Starr was an officer, and Mr. Starr had said nothing to him to indicate that he intended to arrest him, or that any crime had been committed, and under the decision of this court in the case of Martin v. State, 57 Texas Crim. Rep., 264, the court did not err in admitting the testimony.

2. The appellant by the testimony offered in his behalf attempted to prove that he slept on the night in question at the residence of his mother; that he was not awakened until after daylight, and was sent by his mother from her residence on Twelfth Street to the home of Lee Washington, near where he was arrested, on a matter of business. The witnesses for the State fix the hour at which the offense was committed before daylight, and the officer who arrested defendant says it was before daylight, while the witnesses for defendant would place him at his mother's residence until after daylight, and the record kept at the police station would indicate that it was about daylight when the call for an officer was received. The court in his charge told the jury:

"Among other defenses set up by the defendant is what is known in legal phraseology as an alibi; that is, that if the offense was committed, as alleged, then the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed, and therefore was not and could not have been the person who committed the same.

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time of the commission thereof, you will find the defendant 'not guilty.'"

This sufficiently presented the question of an alibi, and it was not necessary to give the special charges requested in regard to this feature of the case. In addition to the above charge the court, at the request of defendant, instructed the jury: "You are charged that if

you believe from the evidence that it was after five o'clock when defendant tried to enter the house, if he did try to enter same, and that the sun rose on said date at 5:21 a. m., then you are charged that you can not convict him for burglary in the night-time or for trying to commit burglary in the night-time." This and the charge of the court adequately presented the defense made by the evidence offered in behalf of defendant. The testimony of Officers Starr and Griffin render it impossible for the testimony of defendant's witnesses to be true, if believed by the jury, and they by their verdict believed that the officers arrested and placed appellant in jail before daylight on the morning in question.

3. The criticisms of the charge of the court are not well taken. We must read the charge as a whole, and it is hardly permissible to take one sentence of a paragraph and criticise that sentence of the charge, when the paragraph as a whole would not be subject to the criticism that it is upon the weight of the testimony. The court did not tell the jury that "defendant raised the window," but instructed them that "if they believed beyond doubt that," etc., they would convict defendant.

4. In a bill of exceptions it is shown that defendant objected to the district attorney being permitted to argue "that defendant had left his hat out in the back alley and there was where he got all that white chalky dust on it." The policeman had testified that the alley back of the residence attempted to be entered was white and chalky in places, and defendant when arrested had white dust on his hat. The young lady had testified defendant was bareheaded when at the window, and the argument of the district attorney was not improper, but simply a deduction from the testimony.

5. In another bill the appellant complains that the district attorney used the following remarks: "Men sometimes commit burglary to commit murder, get in the house and kill the occupants." If the district attorney had used such remarks, as defendant was charged with committing the offense with the intention to commit theft, it would have been improper, but the court in approving the bill says: "Allowed with the following qualifications: The statement of the district attorney was as follows, as understood by the court: 'There are two kinds of burglary: Burglary with intent to kill, and burglary with intent to commit theft. Before a defendant can be convicted for burglary with intent to kill, the State must prove beyond a reasonable doubt that the defendant made the entry with the specific intent to kill, but on a charge of burglary with intent to commit theft the jury can presume if the evidence warrants it that the defendant's entry was unlawful and that he made the entry for the purpose of committing theft.'" As thus qualified the bill presents no error.

6. It is complained that while Lee Washington was testifying in behalf of defendant, while cross-examining him the district attorney

said:. "Don't you know that you are sitting there telling nothing but a lot of ungarnished lies?" to which the defendant objected as being improper and wholly wrong. We agree with counsel for appellant that such remarks were improper and wrong, and attorneys should not insult a witness while testifying, but the bill in no way shows any injury to defendant. The bill does not state or attempt to show that said witness testified to any fact material to defendant's defense, and a bill of exceptions must of itself show in what connection the language was used. From the bill we can not tell what Lee Washington had testified, or in what way the remark could have been harmful to defendant.

7. The court did not err in refusing to compel the district attorney to elect on which count he would seek a conviction. In one count the defendant was charged with burglary, and in the other with an attempt to commit burglary. The court properly submitted both counts to the jury, and as the counts were based on the same transaction, the State should not have been required to elect.

8. In the motion for new trial several matters are complained of to which no bill of exceptions was reserved and approved, and in the brief filed some matters are presented not complained of in the motion for new trial. These matters are not properly before us for review. However, we might say that the young ladies identifying defendant as the man who attempted to enter the house, it was not necessary to charge on circumstantial evidence, and that the indictment containing counts charging burglary and attempt to commit burglary, while it was endorsed only "indictment for burglary," would be no ground to quash the indictment, nor render the indictment void.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 8, 1912.

HARPER, JUDGE.—On a former day of this term this case was affirmed. Appellant has filed a motion for a rehearing, in which he calls our attention to the fact that we did not pass on bill of exceptions No. 17. The judge who tried the case specifically declined to approve the bill as drawn in notations at the bottom, and does not certify to the facts. For this reason we did not deem it necessary to do so. However, as appellant insists that we treat the bill, it is to remarks of the district attorney. Appellant neither presented nor asked any charge in regard thereto; no request was made of the court to instruct the jury not to consider such remarks, if made, and as thus presented it would present no error. Pennington v. State, 48 S. W. Rep., 507; Spencer v. State, 34 Texas Crim. Rep., 65; Barber v. State, 35 Texas Crim. Rep., 70, and cases cited in Buckley's Digest, Argument of Counsel, subdivisions 171 and 170.

Appellant also complains of the action of this court in holding him

bound by the qualifications of the judge to his bills. This has been the unbroken rule of decision in this court. (See section 861, White's Ann. Code of Criminal Procedure.) If he did not wish to be bound by the qualification of the judge, his remedy is plainly pointed out in Blain v. State, 34 Texas Crim. Rep., 448.

The motion for rehearing is overruled.

*Overruled.*