The judgment of the Court of Civil Appeals is affirmed.

---

SCOTT v. STATE.    (No. 3503.)

(Court of Criminal Appeals of Texas.    April 7, 1915.    On Motion for Rehearing, May 5, 1915.)

1. CRIMINAL LAW ⟠595 — CONTINUANCE — ABSENCE OF WITNESS — MATERIALITY OF TESTIMONY.

A defendant charged with crime is not entitled to a continuance to procure the testimony of a witness, who would not in any way contradict the evidence of the state.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 1323–1327; Dec. Dig. ⟠595.]

2. CRIMINAL LAW ⟠784 — INSTRUCTIONS — NECESSITY—CIRCUMSTANTIAL EVIDENCE.

In a prosecution for larceny of a number of turkeys, where there was evidence positively identifying two of the turkeys sold by the defendant as those belonging to the prosecuting witness, it is not necessary to ·charge on circumstantial evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1883–1888, 1922, 1960; Dec. Dig. ⟠784.]

3. CRIMINAL LAW ⟠1038 — REQUEST FOR CHARGES—NECESSITY.

In a prosecution for a misdemeanor, the defendant cannot complain that the court's charge did not sufficiently present an issue, where he made no written request for a charge on that issue.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2646; Dec. Dig. ⟠1038.]

4. CRIMINAL LAW ⟠730 — MISCONDUCT OF PROSECUTOR — ARGUMENT — CURE BY INSTRUCTION.

In a prosecution for larceny of turkeys, where, on objection by the defendant to the argument of the prosecuting attorney, the court told the jury that it was improper for the county attorney to refer to the defendant as "Turkey Tom" and as a "Gobbler," and they should not consider it, and instructed the attorney to

use only the defendant's true name, the conviction will be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. ☞730.]

5. CRIMINAL LAW ☞1137—APPEAL—INVITED ERROR—CONVERSATION.

Where accused stated at the time that he had no objection to the whole of a conversation being elicited, and himself elicited a part of the conversation, he cannot complain on appeal that thereafter the witness was permitted to detail the whole conversation which was necessary to enable the jury to understand the matter and determine the weight to be given to the part elicited by defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3007–3010; Dec. Dig. ☞ 1137.]

On Motion for Rehearing.

6. CRIMINAL LAW ☞1133—APPEAL—MOTION TO REHEAR — MATTERS CONSIDERED — AFFIDAVITS.

On a motion for rehearing, the Court of Criminal Appeals cannot consider affidavits presented to it in the first instance, showing that defendant had a good defense to the prosecution, especially where no reasons were given why the witnesses were not all to testify at the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2984; Dec. Dig. ☞1133.]

Appeal from Williamson County Court; Richard Critz, Judge.

Tom Scott, was convicted of larceny, and he appeals. Affirmed, and motion for rehearing overruled.

Chas. L. Harty, of Georgetown, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of theft, and his punishment assessed at one day's imprisonment in the county jail and a fine of $10.

[1] In his first bill of exceptions appellant contends that the court erred in overruling his application for a continuance. The application shows that he obtained process for Frank Perry; the sheriff's return showing that no such person could be found in the county. He now says it was issued by mistake for *Frank* Perry, and that *Fred* Perry is the person whose attendance he desired. As qualified by the court, the bill presents no error. In addition to this, all he says he can prove by the witness Fred Perry is that he at some time (not stated) had seen the turkeys of Mr. Rader, and that when he saw them they were painted with a certain color of paint. Mr. Rader himself testifies he painted his turkeys in the late summer or fall; the information alleging they were stolen on the 27th day of November, 1914. It may be that Fred Perry did see the turkeys in the late summer or fall, and they were then painted. This evidence would in no wise contravene the state's testimony.

The remarks of the county attorney complained of present no error. It was but a criticism of the evidence offered in behalf of the defendant.

[2] The case did not call for a charge on circumstantial evidence, and the court did not err in so holding. Mr. Gholson swore positively that he purchased the 19 head of turkeys in question from appellant, and that they were delivered to him by appellant. Mr. Rader, while swearing that he believed all the turkeys he found in Gholson's possession were the turkeys he had lost, swore positively to two of them; they having been marked by having one of their toes cut off. Milo Hood also positively identifies one of the turkeys as the turkey he had sold Mr. Rader. In addition to this, it is shown that the turkeys lost by Mr. Rader and the turkeys sold by appellant to Mr. Gholson consisted of the same number of hens, the same number of gobblers, and the same number of small turkeys. As two of the turkeys were positively identified, it was not a case depending wholly on circumstantial evidence.

[3] As no written charge was presented by the appellant on the other issue he now complains of, this being a misdemeanor, the matter is not presented in a way we would be authorized to reverse because thereof, if the charge of the court did not sufficiently present that issue.

[4] It is made to appear by another bill that, in presenting the case, the county attorney referred to appellant as "Turkey Tom" and then as a "Gobbler." When the court's attention was called to the fact that these names were being applied to appellant, he told the jury it was improper for the county attorney to so refer to appellant, and not to consider it, and then instructed the county attorney to refer to him by his true name only.

[5] As the defendant stated at the time he had no objection to the whole of the conversation being elicited, and especially as he elicited a part of it, there was no error in permitting Mr. Gholson to detail the conversation he did. After appellant had elicited a part of it, it took it all for the jury to properly understand the matter and be able to pass on the weight to be given that part elicited by appellant.

The evidence for the state, if believed by the jury, authorized a conviction; and the judgment is affirmed.

On Motion for Rehearing.

[6] Appellant has filed a motion for rehearing herein, the sole ground being "that he has a good defense to said case, as shown by the affidavits hereto attached," and then attaches some half dozen affidavits to facts which would have been admissible on the trial, but no reason is stated why the witnesses were not called when the case was tried. Certainly some of the testimony was as well known to appellant before as since the trial; for instance, that he had purchased a certain turkey from a witness named. However, this court cannot consider such af-

fidavits filed for the first time in this court. It is not a trial court but an appellate court. We pass on the record as made in the trial court, and cannot consider other evidence. Pye v. State, 71 Tex. Cr. 94, 154 S. W. 222.

The motion for rehearing is overruled.