JIM ANDERSON v. THE STATE.

No. 1612. Decided March 8, 1898.

1. **Indictment—Allegation as to Presentment of Counts.**

Where the first count of the indictment alleges, that it was presented in and to the District Court, it is not necessary to repeat the allegation of presentment in any subsequent count.

2. **Local Option Election—Collateral Attack Upon.**

On a prosecution for giving away intoxicating liquors on an election day at a voting box, defendant will not be permitted to urge the illegality of the election as matter of defense or justification where said election was a formal one, held by order of the Commissioners Court.

3. **Improper Argument—Bill of Exceptions.**

Objection to an improper allusion by the prosecuting attorney to the fact that defendant did not testify in his own behalf should be reserved by a bill of exceptions at the time.

4. **Same—Practice on Appeal.**

Where a bill of exceptions to improper argument was not presented to the court until after the trial, and in approving the bill the judge states that he could not say whether such remarks were made, as he did not hear them, Held, the bill should

not have been approved, and the court on appeal will treat the whole matter as if presented without the approval of the court and for the first time on the motion for a new trial.

APPEAL from the County Court of Navarro.    Tried below before Hon. J. F. STOUT, County Judge.

Appeal from a conviction for a violation of local option, by giving away intoxicating liquors at a voting precinct on an election day; penalty, a fine of $100.

No statement necessary.

No brief on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for giving away intoxicating liquors at a voting precinct on an election day.    There are several counts in the indictment.    A motion was made to quash the second and third counts of the indictment, because it is not alleged in either that the indictment was presented in and to the District Court of Navarro County. The first count alleges that the indictment was presented in and to the District Court of Navarro County.    It is not necessary to repeat this allegation in the subsequent counts.

Appellant proposed to prove that the election was not a legal election. This was not permitted by the court, and a bill of exceptions was reserved. It appears from the record that the election was held by order of the Commissioners Court.    It was a formal election.    Under this state of case, we have repeatedly held that the accused can not urge the illegality of the election in justification of a violation of the provisions of the Code which prohibit the carrying of arms at the place of an election or the selling or giving away of intoxicationg liquors at such an election.    See Cooper v. State, 25 Texas Crim. App., 530; Cooper v. State, 26 Texas Crim. App. 575; Janks v. State, 29 Texas Crim. App., 233; Geib v. State, 31 Texas Crim. Rep., 514.

What appears to be a bill of exceptions is reserved to the remarks of the prosecuting attorney.    The explanation of the court, however, shows that there was no bill of exceptions reserved to the remarks of the county attorney, and that this matter was first called to the attention of the court in the motion for a new trial.    If the county attorney alluded to the fact that the defendant did not testify in the case, the defendant should have reserved his exceptions at the time, and not delay this matter until after the trial.    The court, in approving the bill, states that the remarks of the county attorney were not heard by the court, and that the court could not say whether such remarks were made.    It is passing strange to us that the court would approve such a bill of exceptions, if it can be termed a bill.    We treat this whole matter as if presented in the motion for a

new trial, without the approval of the court, and see no reversible error therein. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]