### J. F. ELLIOTT v. THE STATE.

### No. 528.   Decided April 13, 1910.

**1.—Gaming—Information—Private Residence.**

It is a violation of the law to play cards anywhere except at a private residence occupied by a family, and where the information negatives the fact that the game of cards was played at a private residence, etc., the same was sufficient.

**2.—Same—Charge of Court—Special Charge—Misdemeanor.**

Where, upon appeal from a conviction of gaming, it appeared in the record that no special charge was requested on the issue upon which the court failed to charge, the same will not be considered.   Following Cosmoroski v. State, recently decided.

**3.—Same—Bills of Exception—Forcing Defendant to Trial.**

Where, upon appeal from a conviction of gaming, there appeared no bills of exception to the action of the court below in forcing defendant to trial, the same could not be considered.

Appeal from the County Court of Clay.   Tried below before the Hon. S. A. Denny.

Appeal from a conviction of gaming; penalty, a fine of $15.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—On information charging gaming appellant was tried and convicted and his punishment assessed at a fine of $15.   He appeals to this court and asks for a reversal on the ground that the information charges no offense against the law in that he is charged with unlawfully playing at a game with cards at a certain place on the Little Wichita River near a fish trap in the pasture of one W. H. Myers and about four miles west of Henrietta, Clay County, Texas, the same not then and there being a private residence occupied by a family contrary to the law, etc.   We are of opinion that the bill of

Vol. LIX. Crim.—1.

indictment is sufficient. It is a violation of the law to play cards anywhere except at a private residence, and the pleader has negatived the fact that it was at a private residence, and we are of opinion that this is a sufficient allegation.

Complaint is made in the motion for new trial that the first paragraph of the court's charge is erroneous, because the court failed to charge the jury that they must believe beyond a reasonable doubt that the place where the game of cards was played was not then and there a private residence occupied by a family. Omissions in the charge of the court in a misdemeanor case will not be cause for reversal. No special charge was requested and under the provisions of the statute and decisions of this court, in the absence of a special charge, this court will not consider errors of omission in the charge of the trial court in misdemeanor cases. See Frank Kosmorowski v. State, this day decided.

The other grounds of the motion can not be considered in the absence of bills of exception, being complaints to the action of the court in forcing defendant to trial and not allowing him three days to prepare for trial. The testimony shows that the appellant played cards at the place alleged in the information. Finding no error the judgment is affirmed.

*Affirmed.*