HENRY GREER v. THE STATE.

No. 957.    Decided March 22, 1911.

Rehearing denied April 19, 1911.

**1.—Carrying Pistol—Charge of Court.**

Where the evidence showed that the defendant was not justified in carrying a pistol for self-protection at the time he was charged with it, there was no error in refusing a requested charge thereon.

**2.—Same—Charge of Court—Repair.**

Where, upon trial of unlawfully carrying a pistol, the evidence did not show that it was either proper or necessary for defendant to take the pistol from his home where he lived with his mother to the house where he was found with it, he could not claim that he was justified to carry the pistol there for repair, and there was no error in the court's refusal of the defendant's requested charges.

**3.—Same—Circumstantial Evidence—Charge of Court—Practice.**

Where, upon trial of unlawfully carrying a pistol, the defendant did not request a charge in writing on circumstantial evidence, he could not complain of the court's failure to charge thereon.

**4.—Same—Bills of Exception.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, there were no bills of exception reserving the objections to certain testimony and remarks by the county attorney, the same could not be considered.

**5.—Same—Verdict—Date of Offense.**

Where the verdict found the defendant guilty as charged in the information, which alleged the offense to have occurred on a certain day and which was sustained by the proof, it was not vague and uncertain because the defendant was shown to have carried a pistol at different times.

Appeal from the County Court of Fort Bend. Tried below before the Hon. G. C. Baker, Jr.

Appeal from a conviction of carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*W. L. Davidson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of carrying a pistol on his person on February 17, 1910, and given the lowest penalty, a fine of $100.

We have carefully and fully gone over the record and the appellant's brief and argument, and his supplemental brief and argument. The statement of facts shows clearly that on the night of February 17, 1910, the appellant, who lived with his mother, about one-half mile from the house of Cindy Jackson and O. K. Davis, in Richmond, was at their house that night. Sometime, probably during that night—the evidence does not disclose when—the appellant got into some trouble, and the sheriff testified that when he saw him the next morning that his face indicated he had been in a fight or had been hit. After he had been to the house of said Jackson and Davis, which was the residence where these two negro women stayed, he left the house, and in a short time afterwards came down the street returning to the house, singing. Just as he was nearly in front of the house he whooped, and a gun or pistol was fired. The flash and report were in the direction of where he was standing. He was very drunk. Immediately after the firing of the pistol he came back into the house of these two negro women and went into the room of Cindy Jackson. The other negro woman, O. K. Davis, was in her room then, and she heard John T. Riggs, who was in Cindy's room, and John Brooks, who soon thereafter went into Cindy's room, talking about the gun to the appellant. There were two shots fired. The next morning the sheriff and one of his deputies, who both testified, went down to the house of these two negro women and found the appellant and the two negro women there. One of them, the Jackson woman, was still in her bed. The sheriff asked them about the shooting the night before and who did it. They all claimed not to know. He then asked if they had a gun and they all denied that one was there. He then investigated and found a large six-shooter hid under some old clothes behind a trunk. When confronted with the pistol the appellant said it was his; that he had some

trouble, and that he went and got the gun for his protection. There were two empty shells in the pistol and also two loaded shells.

The appellant claimed and testified that the pistol belonged to his mother, with whom he lived, and that he had brought it down from his mother's house to the house of these two negro women some months before—the exact time not stated—for the purpose of cleaning it up, at his mother's instance; that he had never cleaned it up, nor returned it to his mother. His mother testified substantially the same thing, but was disputed by the sheriff, to whom, the next morning after the shooting the night before, she had stated that the appellant got the pistol out of her house on the night of February 17th while she was away from home, and if she had been at home he never would have gotten the gun.

The testimony of Cindy Jackson shows that the appellant had been to her house that night, and after he left the house, and while he was gone, that she heard two shots fire, and shortly thereafter the appellant came back into her room, but she did not see him with the gun.

1. The court gave a full and correct charge on the subject. The appellant asked only one charge, which was refused. It is as follows: "1st. Under the Constitution of the State of Texas, and of the United States, allows every person to carry arms in the protection of his person or property; if therefore you believe from the evidence that the defendant was in a difficulty and had been physically injured, and that he took the pistol and carried it to protect himself, then you will acquit the defendant.

"If you have a reasonable doubt as to whether the defendant carried the pistol to protect himself, or not, you will acquit the defendant.

"If you believe from the evidence that the defendant's mother gave him the pistol to have it cleaned, and he took the pistol to have it cleaned, then you will acquit the defendant;" and complains that the court erred in refusing this charge. The first paragraph of the requested charge was properly refused, because it does not state a correct proposition of law, nor does the evidence show that he was justified in carrying a pistol, at the time he was charged with it, for self-protection. As to the last paragraph, while it is true that the law authorizes a person to take a pistol to a shop for repairs, and when repaired to take it back home (Mangum v. State, 90 S. W., 31; Underwood v. State, 29 S. W., 777; Fitzgerald v. State, 52 Texas Crim. Rep., 266), such a charge in this case was inapplicable because the residence of the two negro women to which he carried his pistol, if he did, several months before, was not a shop, and the evidence does not disclose that it was either proper or necessary for him to take it from his home where he lived with his mother to the house of these two negro women for any such purpose. There was no error of the court in refusing to give the requested charge.

2. Appellant also complains that the court ought to have given a charge on circumstantial evidence. He did not request any such

charge in writing, and there is no evidence whatever that he made any such request even verbally. The court in misdemeanor cases is not required· to charge the jury in writing, except at the request of counsel, and then only to give such proper charges as are prepared in writing and asked to be given. This court in the case of Waechter v. State, 34 Texas Crim. Rep., 297, through Judge Davidson, on this point says: "We understand the statute to require the judge to give such proper charges as are prepared in writing, and asked to be given to the jury. Article 719, C. C. P.; Killman v. The State, 2 Texas Crim. App., 222; Hobbs v. The State, 7 Texas Crim. App., 117." See also other cases cited under article 719, White's C. C. P.

3. Appellant also complains, by motion for new trial, of the introduction of certain testimony and of some remarks by the county attorney. This court can only consider such things when presented properly by bill of exception. There are no bills of exception shown by the record in this case which were allowed and approved by the trial judge.

4. Another complaint of the appellant is that the verdict of the jury is vague, uncertain and indefinite, in that it does not show "whether they find the defendant guilty for carrying the pistol to Cindy Jackson's house, six weeks before the alleged offense, or whether they find him guilty of carrying the pistol on the night of the charge," claiming that if it was for carrying it to Cindy Jackson's house he had a right to carry it, and if it was on the night charged there is not one particle of evidence to sustain it. The verdict of the jury was: "We, the jury, find the defendant guilty as charged in the information, and assess his punishment at a fine of one hundred dollars." The information charged that on or about the 17th day of February, 1910, the defendant unlawfully, etc., carried a pistol. The evidence was amply sufficient to sustain the verdict, under either one of the times the appellant was shown to have carried a pistol, but clearly the verdict found him guilty of carrying it on the night of February 17th. We can not sustain the appellant's contention on this ground.

There being no reversible error shown, the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 19, 1911.—Reporter.]