## JOHN ELLINGTON v. THE STATE.

### No. 1318.  Decided October 25, 1911.

**1.—Theft of Cattle—Jury and Jury Law—Bill of Exceptions.**

Where, upon appeal, it appeared that no bill of exceptions was reserved to the selection of a jury at the time, the same came too late in a motion for a new trial.

**2.—Same—Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions, objections to evidence can not be considered on appeal.

**3.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial of theft of cattle, the court's charge did not assume the facts submitted, the same was not on the weight of evidence.

**4.—Same—Charge of Court—Principals—Practice on Appeal.**

Where the objection to the court's charge on principals was that it was misleading and confusing and calculated to prejudice the rights of the defendant, and was not a correct definition of principals, the same was too general to be considered on appeal, and under article 723, Code Criminal Procedure, an omission in the charge in describing who are principals was not reversible error.

**5.—Same—Sufficiency of Evidence.**

Where, upon trial of theft of cattle, the evidence sustained a conviction, there was no error.

Appeal from the District Court of Bosque. Tried below before the
Hon. O. L. Lockett.

Appeal from a conviction of theft of cattle; penalty, two years
imprisonment in the penitentiary.

The opinion states the case. The facts of this case will be found
in the companion case No. 1319, this day decided.

*J. P. Word,* for appellant.—On the question of the court's charge
on principals: Yates v. State, 42 S. W. Rep., 296.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with theft of
cattle, and upon being tried he was convicted and his punishment
assessed at two years confinement in the penitentiary.

Appellant in his motion for a new trial complains that the court
erred in forcing him to go to trial and be tried by a "picked up
jury." No exception was reserved to the action of the court, and in
the absence of a bill of exceptions we must presume that such action,
if a jury was thus selected, was not objected to at the time by appel-
lant, and if not objected to at that time, it comes too late after
verdict rendered.

Neither can we consider the complaint in the motion objecting
to the testimony of the witness, Price. No bill of exceptions was
reserved to permitting the witness to testify, and in the absence of
a bill of exceptions we presume no objection was made—at least we
can not review the matter.

All of a charge must be taken together in considering it, and the
objection that the fifth paragraph of the charge is upon "the weight
of the testimony and assumes that the defendant was guilty of taking
said cattle" is not borne out by an inspection of the charge. Said
paragraph begins: "If you believe from the evidence beyond a rea-
sonable doubt that said cattle were fraudulently taken, and that the
defendant and Rome Ellington acted together in the taking of the
cattle, if they were taken," etc. This does not assume that the cattle
were taken by anyone, and is not upon the weight to be given the
testimony. In this paragraph the court is giving in charge defensive
matter, and instructs the jury that certain acts of Rome Ellington
in driving cattle, if he did drive them, should not be considered as
evidence against this defendant, unless they found that defendant
and his brother acted together as principals in fraudulently taking
said cattle. Neither does the charge assume that Rome Ellington
drove or had possession of the cattle, for the court leaves it to the
jury to determine under the evidence whether or not Rome Ellington
was seen handling the cattle next morning.

The complaint that the "trial court committed an error in that
part of his main charge wherein he attempted to define to the jury

who are principals, because said definition is not a correct definition, and is misleading and confusing and calculated to and did prejudice the rights of defendant," is too general to be considered. In the motion it is not attempted to be shown wherein the definition is incorrect, nor wherein the charge is misleading or confusing, nor in what way it was calculated to or did prejudice the rights of the defendant. The grounds of objection or complaint must be specific and point out to this court wherein the error be, if error there be. We are not authorized, under the decisions of this court, to turn to the charge of the court and hunt for errors as applicable to the evidence. The motion is supposed to point these matters out. When we read the definition in the charge, however, while it is perhaps subject to some criticism, it is not subject to the criticisms contained in the motion, and under the evidence the omission in the charge in describing who are principals was not calculated to and could not have resulted in injury to the defendant. (Article 723, Code of Criminal Procedure, and decisions cited under section 844 of White's Annotated Code of Criminal Procedure.)

The only other ground is that the evidence is insufficient to support the verdict. The evidence in this case is entirely circumstantial, and the court properly submits the law as applicable to that character of case, and after carefully reading the statement of facts, we have concluded that the facts and circumstances in evidence were such as authorized the jury to return the verdict they did return.

The judgment is affirmed.

*Affirmed.*