JOHN LUTRALL v. THE STATE.

No. 1471. Decided January 3, 1912.

**1.—Aggravated Assault—Practice on Appeal.**

In misdemeanor cases the trial court is not required to charge the jury unless requested to do so, and an error therein can not be considered unless excepted to at the time, and a bill of exceptions reserved.

**2.—Same—Rule in Misdemeanor Cases.**

In misdemeanor cases, unless the charge of the court is excepted to at the time and charges requested, the matter can not be reviewed on appeal.

**3.—Same—Misconduct of Jury—Jury and Jury Law.**

Where the motion for new trial set out that one of the jurymen could not read or write, but no evidence was offered to sustain the motion, the matter could not be reviewed on appeal.

Appeal from the County Court of Jack. Tried below before the Hon. W. E. Fitzgerald.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an information and complaint charging him with making an aggravated assault on Jack Holt, and when tried he was adjudged guilty of simple assault, and his punishment assessed at a fine of five dollars.

While the information contained two counts, yet the court in his charge submitted only the first count, therefore, we shall not consider the second count. And the defendant being convicted of a simple assault only, only such matters assigned as relate to a conviction of this grade of assault will be considered.

In a case where a person is prosecuted for a misdemeanor, the court is not required to give to the jury any charge unless requested so to do, and if he does charge the jury, no error contained therein can be considered unless excepted to at the time and a bill of exceptions reserved. As there are no bills of exception in this record, the matters assigned in the motion for new trial complaining of the charge of the court can not be considered by us. In a misdemeanor case, wherein the court submits a written charge to the jury, if appellant desires to assign any errors in regard to such charge, he must except at the time to such charge and submit a written charge in regard to such matter, and if he does not do so, this court will not pass thereon. The Legislature in its wisdom, and this court in its former decisions, have adopted different rules in regard to prosecutions and convictions for misdemeanors and for felonies. Whether or not it was proper to lay down different rules in regard to the two different grade of offenses is not for us to discuss. It is not an open question, and it is the law of this State that in misdemeanor cases if one desires to complain of any portion of the charge, he must except to it at the time and request charges curing such errors, and if special charges are asked, he must except to the failure of the court to give them, or such matters will not be considered on appeal. Inasmuch as the court in his charge submitted only the first count in the information, and submitted both aggravated and simple assault, and inasmuch as the jury found defendant guilty of only simple assault and assessed the lowest penalty, no such error is presented as would cause a reversal of this case.

No exceptions were reserved to the evidence, or to the charge of the court, or failure of the court to give the only special charge requested by defendant, and while it would have been proper for the court to have given the special charge as presenting defendant's theory of the case, yet as no exception was reserved to the failure of

the court to do so, and the charge requires the jury to find affirmatively against this issue, it does not present reversible error.

Neither can we consider the ground that one of the jurymen could not read or write. While in the motion the matter is sufficiently alleged to bring in review this question, yet no evidence is offered sustaining the motion.

The judgment is affirmed.

*Affirmed.*