JOHN DRUMMOND v. THE STATE.

No. 2583. Decided June 25, 1913.

**Theft—Want of Fraudulent Intent—Insufficiency of the Evidence.**

Where, upon trial of misdemeanor theft, the evidence showed a want of criminal intent in taking the alleged stolen property, the conviction could not be sustained.

Appeal from the County Court of Archer. Tried below before the Hon. J. S. Melugin.

Appeal from a conviction of misdemeanor theft; penalty, twenty-four hours confinement in the county jail.

The opinion states the case.

*W. E. Forgy* and *Mathis & Kay,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted, charged with theft of a pair of gloves.

Jeff Lyles testified he was in Dundee, went in the postoffice, and left his gloves lying on the shelf. That he returned to the postoffice some time afterward, and found they were gone, and he then advertised for them. That two days later he was again in Dundee when appellant approached him with the gloves and asked him if they were his gloves, and when he replied they were, appellant delivered them to him, stating at the time he found them at the postoffice, and thinking they belonged to Mr. Parker, and left there by him, he had taken them to deliver to Mr. Parker, but when he learned of his, Lyles', advertisement he thought it proper to bring them to him and see if they belonged to him.

Appellant testified to going to the postoffice and finding the gloves on the shelf; that he thought they belonged to Mr. Parker and took them to return them to Mr. Parker. That during the same day he learned Mr. Lyles claimed to have lost his gloves and as soon as Mr. Lyles returned to town he carried them to him, explaining the matter to him. In his testimony he is supported by his father, sister and Mr. Maxwell. Appellant introduced testimony showing that his reputation was that of a quiet, law-abiding boy.

The court, in his charge, did not present affirmatively appellant's defensive evidence, but, this being a misdemeanor, no special charge being requested in regard thereto, we would not reverse for this reason. However, we do not think that the evidence discloses any criminal intent in taking the gloves, nor any disposition to deprive the owner of the gloves, nor their value, nor intent on the part of appellant to appropriate them to his own use.

Appellant is a young man, or boy, whose reputation appears to be unsullied prior to this transaction, and with this meager evidence we can not get our consent to brand him as a thief in early life. To our mind the evidence completely refutes the idea of any criminal intent on his part, and the judgment is reversed and the cause is remanded.

*Reversed and remanded.*