### BILL STUBBS v. THE STATE.

No. 2632. Decided October 15, 1913.

**1.—Theft—Misdemeanor—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception in a misdemeanor case were filed more than twenty days subsequent to the adjournment of court for the term, they can not be considered on appeal; however, if they were considered, there was no reversible error.

**2.—Same—Bill of Exceptions—Motion for New Trial.**

Where the bill of exceptions only embraced the motion for new trial, it added nothing to the strength thereof.

**3.—Same—Sufficiency of the Evidence.**

Upon appeal from a conviction of misdemeanor theft, if the evidence could be considered, the same supported the conviction.

**4.—Same—Voluntary Return of Stolen Property.**

Where the evidence did not raise the issue of voluntary return of stolen property in a misdemeanor theft, and no charge was requested thereon, there was no error.

Appeal from the County Court of Limestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $5 and one hour confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *J. E. Bradley,* County Attorney,. and *M. Herring,* Assistant County Attorney, for the State.— On question of filing statement of facts: Durham v. State, 155 S. W. Rep., 222.

HARPER, JUDGE.—Appellant was prosecuted and convicted of misdemeanor theft and his punishment assessed at one hour in jail and a fine of $5.

The term of court at which appellant was tried adjourned ·on May 3, 1913. The statement of facts and bills of exception were not approved and filed until June 2, 1913,—more than twenty days subsequent to the adjournment of court for the term; consequently, the motion to strike them from the record must be sustained. But were we to consider them, they would not avail appellant. One of the bills is to the refusal of the court to give a special charge requested. This charge was fully covered by the court's main charge. The other bill only embraces the motion for a new trial. This adds no strength to the motion for a new trial.

The first two grounds of the motion complain of the insufficiency of the testimony. The testimony is amply sufficient to support the verdict. It is true the testimony of the defendant would show that the buggy robe was taken by a mistake, but this issue was fully presented to the jury and they found adversely to that contention.

There was no special charge requested in regard to a voluntary return of the stolen property, and in a misdemeanor case a charge must be requested if it is desired that any special issue be presented. However, if a charge had been presented, the evidence does not raise that issue as the prosecution had been begun before any steps had been taken looking to the return of the property.

The judgment· is affirmed.

*Affirmed.*