RED ODOM v. THE STATE.

No. 4818.   Decided January 23, 1918.

1.—Aggravated Assault—Charge of Court—Misdemeanor—Rule Stated.

The law does not require a written charge in a misdemeanor case in the absence of a request. Following Waechter v. State, 34 Texas Crim. Rep., 297, and other cases.

2.—Same—Requested Charge—Practice on Appeal.

This court is not authorized to consider the complaint of an appellant, in a misdemeanor case, of omissions in a charge in the absence of refusal or request to correct them. Following Elliott v. State, 59 Texas Crim. Rep., 1, and other cases.

3.—Same—Motion for New Trial—Bill of Exceptions.

The fact that a bill of exceptions is reserved to the overruling of a motion for new trial which embodies the motion, adds nothing to the weight of the motion, nor to the authority of the court to consider matters thereunder, except in cases where proof is heard as to allegations of fact, and this evidence is embodied in the bill of exceptions with the motion for new trial. Following Stubbs v. State, 71 Texas Crim. Rep., 390, and other cases.

4.—Same—Bill of Exceptions—Practice on Appeal—Attorney and Client.

Matters relating to the manner of trial when not verified by bill of exceptions are not reviewable on appeal, even though the appellant was without counsel in the court below. The same is true with reference to arguments and selection of jury. Following Compton v. State, 67 Texas Crim. Rep., 15, 148 S. W. Rep., 580.

5.—Same—Motion for New Trial—Bill of Exceptions—Newly Discovered Evidence.

Matters of fact set up in motion for new trial, which matters of fact are not verified by bill of exceptions or statement of evidence filed during the term, can not become the subject of review, and the same principle has been uniformly applied to assignments concerning newly discovered evidence. Following Terry v. State, 73 Texas Crim. Rep., 79, and other cases.

6.—Same—Newly Discovered Evidence—Rule Stated.

Where a new trial is sought upon the ground of alleged newly discovered evidence, the action of the trial court in overruling it can not be reviewed in the absence of the affidavit of the purported new witnesses, or a satisfactory explanation of the failure to produce them. Following Stallworth v. State, 66 Texas Crim. Rep., 428.

7.—Same—Probable Truth—Essential Requisite.

The probable truth of the newly discovered evidence is an essential requisite. Following Alexander v. State, 199 S. W. Rep., 295, and other cases.

8.—Same—Case Stated—Newly Discovered Evidence.

Where the alleged newly discovered evidence in the motion for new trial was not supported by the affidavit of the absent witnesses or properly accounted for and, besides, the conclusions of the court is that the same was not probably true, there was no error in overruling same.

9.—Same—Sufficiency of the Evidence.

Where, upon trial of aggravated assault, assessing the penalty at a fine of $500 and confinement in the county jail of twelve months, the evidence was sufficient to support said verdict, there was no reversible error. Following Inglen v. State, 36 Texas Crim. Rep., 472, and other cases.

Appeal from the County Court of Grayson. Tried below before the Hon. Dayton B. Steed.

Appeal from a conviction of aggravated assault; penalty, a fine of five hundred dollars and confinement in the county jail for twelve months.

The opinion states the case.

*Jas. D. Buster,* for appellant.—On question of deadly weapon: Bush v. State, 52 Texas Crim. Rep., 398, 107 S. W. Rep., 348; Royston v. State, 196 S. W. Rep., 542; Danforth v. State, 69 S. W. Rep., 159; Crow v. State, 55 Texas Crim. Rep., 200, 116 S. W. Rep., 52; Stevens v. State, 11 S. W. Rep., 459; Kouns v. State, 3 Texas Crim. App., 13.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—Appellant was indicted and convicted for the offense of aggravated assault and his punishment fixed at a fine of $500 and confinement in the county jail for twelve months.

There are no bills of exception in the record except a bill embodying appellant's motion for new trial. This motion is verified by the affidavit of appellant but not otherwise supported by evidence so far as the record shows. Reference is made to certain affidavits which if introduced are not brought forward in the record.

Appellant, it appears, at the time of his trial was not represented by attorney. No exceptions were taken to the procedure so far as it is disclosed. A motion for new trial was prepared by an attorney evidently obtained subsequent to the conviction. It challenges the sufficiency of the evidence and raises various questions of procedure relating to the introduction of evidence, alleged errors in the charge, and improper argument of the prosecuting attorney, none of which matters except the sufficiency of the evidence can be a subject of review in the absence of bills of exception. It is also based upon alleged newly discovered evidence and the alleged fact that the jury was selected by the prosecuting attorney without challenges by appellant and that it was a prejudiced jury.

The injured party was Clayton Holland, a young man about twenty years of age. The appellant testified as follows: "This boy Holland had turned my father in for selling whisky and I made up my mind to whip him for doing it. I followed him out of the courthouse and down to the southwest corner of the square and there hit him over the head with a beer bottle. I did not mean to kill him. The bottle was not wrapped in a newspaper. I never had a conversation with him in my life. ·They were trying my father and Holland had not testified. I went into the sheriff's office and saw him in there and got me a pint beer bottle and waited in the courthouse until he came out. I followed him out of the south door and when he was crossing Lamar Street I walked up behind him and hit him over the head with the bottle. The blow broke the bottle and the glass scattered there on the street. Yes, I guess I did jump on him and kick him with my feet. No, I was not trying to kill him. Yes, I did knock him unconscious. I never said a word to him as I came up behind him; he did not turn around or say anything to me. Holland is not so old apparently as I am and is not so tall. I am a grown man. I did not slip up behind him, I just walked up and hit him."

The injured party, Holland, testified that at noon he walked out of the courthouse to the southwest corner of the square, then started across the street and had gotten almost to the other side, and that was the last he remembered until he woke up at a doctor's office about 1:30 p. m. with his face and head skinned and bruised; that he did not know who or what hit him; had never had trouble with appellant or a conversation with him. After he waked up he was very sick and a place behind his ear was sore for several weeks, leaving a scar about one inch to one and a half inches long.

Several eyewitnesses testified. One of them as follows: "I noticed a young man crossing the street. When he was just past the middle of Lamar Street I saw another man, taller than the first one, walking fast or trotting, come from the southwest corner of the square up behind the first young man I saw, and when he got behind him I saw him raise something above his head, which I took to be a newspaper rolled up. I stopped and watched him hit the other fellow, thought the other fellow would jump when he struck him—thought all the time he was just slipping up behind a friend as fellows do and was going to scare him. But when he brought the object down on the back of the other man's head the other fellow just wilted and sank down on the pavement and I saw glass flying. When the assaulted party dropped to the pavement, the man who struck him jumped on him with both feet and kicked him and stomped him in the face and head and over the body. The man who kicked and struck appellant was Red Odom, defendant. There was no conversation between them. The man who was struck never had time to even turn around toward the man who

hit him." Three other witnesses described the assault in substantially the same manner. Holland was picked up unconscious and taken to the doctor's office. The physician testified that his face was covered with abrasions and deep bruises, severe bruises on the head, on the ear and the scalp cut. He took no stitches because he thought that there was a fracture or concussion of the brain. He was unconscious and remained so for about an hour after reaching the witness' office. He found there was no fracture but wounds such as would be made by a blow from a heavy instrument. That a blow from behind with a beer bottle in the manner described was calculated to and usually produced a fracture, concussion of the brain and frequently death. That a beer bottle, in his opinion, is a deadly weapon used in the manner described. That the injury was a serious one likely to cause serious trouble in the future.

The indictment charged an aggravated assault with a deadly weapon, also causing serious bodily injury, also with premeditated designs and by the use of means calculated to inflict bodily injury. The court gave a written charge submitting the issues, the presumption of innocence, and advised the jury that they were the exclusive judges of the credibility of the witnesses.

The law does not require a written charge in a misdemeanor case in the absence of request. Waechter v. State, 34 Texas Crim. Rep., 297; Lutrall v. State, 64 Texas Crim. Rep., 411; Stubbs v. State, 71 Texas Crim. Rep., 390; Robey v. State, 73 Texas Crim. Rep., 9; Goode v. State, 75 Texas Crim. Rep., 550, 171 S. W. Rep., 714. This court is not authorized to consider the complaint of an appellant in a misdemeanor case of omissions in a charge in the absence of refusal of request to correct them. Kosmoroski v. State, 59 Texas Crim. Rep., 296; Elliott v. State, 59 Texas Crim. Rep., 1; Webb v. State, 63 Texas Crim. Rep., 207; Drummond v. State, 71 Texas Crim. Rep., 260; Scott v. State, 76 Texas Crim. Rep., 410, 175 S. W. Rep., 1054; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317. The fact that a bill of exceptions is reserved to the overruling of a motion for new trial, and embodies the motion, adds nothing to the weight of the motion nor to the authority of the court to consider matters thereunder, except in cases where proof is heard as to allegations of fact, and this evidence is embodied in the bills of exceptions with the motion for new trial. Stubbs v. State, 71 Texas Crim. Rep., 390; Goodwin v. State, 63 Texas Crim. Rep., 140; Basquez v. State, 56 Texas Crim. Rep., 329; 2 Vernon's Crim. Stats., p. 526, note 65, and cases cited. Also same volume, page 539, note 19, and cases cited.

Matters relating to the manner of trial, when not verified by bill of exceptions are not reviewable upon appeal, even though the appellant was without counsel in the court below. Compton v. State, 67 Texas Crim. Rep., 15, 148 S. W. Rep., 580; Vernon's C. C. P., p. 532, note

10, and cases cited. The same is true with reference to arguments. Vernon's C. C. P., p. 533, note 12, and cases cited; Anderson v. State, 39 Texas Crim. Rep., 34; Greer v. State, 62 Texas Crim. Rep., 81; Henry v. State, 66 Texas Crim. Rep., 268, 146 S. W. Rep., 879. This applies to matters pertaining to the selection of the jury. Miller v. State, 91 S. W. Rep., 582; Johnson v. State, 60 Texas Crim. Rep., 305; Ellington v. State, 63 Texas Crim. Rep., 427, and other cases cited in Vernon's C. C. P., p. 530, note 7.

Matters of fact set up in motion for a new trial, which matters of fact are not verified by bill of exceptions or statement of evidence filed during the term can not become the subject of review. Marshall v. State, 5 Texas Crim. App., 273; Cooper v. State, 66 Texas Crim. Rep., 441, 147 S. W. Rep., 273; Howard v. State, 65 Texas Crim. Rep., 25, 143 S. W. Rep., 178; Sharp v. State, 71 Texas Crim. Rep., 633; Terry v. State, 73 Texas Crim. Rep., 79; Vernon's C. C. P., p. 536, note 20, and cases cited. This principle has been uniformly applied to assignments concerning newly discovered evidence. Vernon's C. C. P., p. 536, note 19. And the uniform rule applied in this court is that where a new trial is sought upon the ground of alleged newly discovered evidence, the action of the trial court in overruling it can not be reviewed in the absence of the affidavit of the purported new witnesses, or a satisfactory explanation of the failure to produce them. Stallworth v. State, 66 Texas Crim. Rep., 428; Vernon's C. C. P., p. 806, note 13; also Vernon's C. C. P., art. 837, subdiv. 6, and cases cited, pp. 778-785. The probable truth of the newly discovered evidence is also an essential requisite. Goss v. State, 56 S. W. Rep., 73; C. C. P., p. 786, note 11; Alexander v. State, 199 S. W. Rep., 295, and cases cited.

The proposed newly discovered evidence was that of two witnesses. By one it was alleged that proof could be made that at the time of the difficulty and immediately preceding the blow, the prosecuting witness, Holland, put his hand behind him in the region of his hip pocket and made some remark to appellant while facing the appellant. By another, that appellant did not slip up behind Holland, or run up behind him; that Holland looked and saw defendant and had some words with him before the blow was struck. As above stated, these allegations were not supported by the affidavit of the absent witnesses, nor was absence of such affidavits accounted for. If such had been the case, however, in view of the facts developed upon the trial, including the appellant's testimony, the trial court's conclusion that it is not probably true would not have been unjustified. Appellant testified that he made up his mind to whip the injured party, followed him to the place where the other witnesses testified he was struck, and hit him over the head with a beer bottle; that he never had any conversation with him; that he walked up behind him and hit him on the head and never said a word to him as he came up behind him, and the injured party did not turn around or say anything to appellant.

The evidence, we think, is sufficient to support the verdict, and the punishment assessed is not such as to authorize this court to disturb the verdict approved by the court below. It is not higher than has frequently been approved in cases not more aggravated. Jobe v. State, 76 Texas Crim. Rep., 216, 173 S. W. Rep., 1025; Inglen v. State, 36 Texas Crim. Rep., 472; Cuellar v. State, 69 Texas Crim. Rep., 155, 154 S. W. Rep., 228.

The judgment of the lower court is affirmed.

*Affirmed.*