said law and against the peace and dignity of the state."

Supporting his contention that the indictment is insufficient, appellant cites Carnes v. State, 50 Tex. Cr. R. 282, 99 S. W. 98; also Commonwealth v. Cope, 107 Ky. 173, 53 S. W. 273, and other cases of similar tenor. The indictment is in substantially the same terms as the one declared valid by this court in Watson's Case, 52 Tex. Cr. R. 551, 107 S. W. 544. The opinion in the Watson Case reviews the Texas cases on the subject cited by appellant, and, without repeating the discussion, our opinion is that upon the authority of the Watson Case there was no error in overruling the motion to quash the indictment, and we are further of the opinion that the conclusion reached in the case last mentioned was correct.

[2] The state's case was proved by a detective with whom the transaction was had. He claimed that he bought a pint of whisky from appellant; that he had asked appellant about an hour before if he knew where he could get some whisky, and appellant replied that he had a little on hand. Witness told him he was feeling bad, and wanted a drink; that appellant in about an hour returned with a bottle and delivered it to witness upon the payment of a dollar. A very strong and plausible attack upon this state's witness is made in the written argument on the ground that he was hired to bring about prosecutions, and that there was proof that he offered for hire to abandon the prosecution and leave the state. The record discloses, however, that the appellant in his testimony, in a sense, corroborates the state's witness. We quote from his testimony as follows:

"I didn't sell W. C. Rusk a pint of whisky. I went after a pint of whisky for him. I went down by George Leathers for the whisky. That is a pool hall—I think a negro pool hall. I got the whisky from this fellow Robinson. He is a negro; that is all I know. He was selling whisky. He had been working for Moodie & Wilson in their cotton office. W. C. Rusk come up and asked me if I knew where I could get any whisky, and I told him yes. After a while he came back and said, 'What did you find out?' and I said, 'Give me a dollar and I will get you a pint.' He gave me a dollar to get it, and when I got it I gave it to him in the pool hall. I don't remember who was present at the time. I helped him drink several drinks of whisky. I drank out of his bottle two, three, four, or five times. He called me back and asked me if I wanted a drink."

The jury was instructed that if appellant acted as the agent of the state's witness in buying the whisky, or if there was a reasonable doubt on the subject, he would be entitled to an acquittal. There is no complaint of the manner in which the issue of agency was submitted to the jury. The sole questions raised are the sufficiency of the indictment and sufficiency of the evidence. The indictment, in our opinion, is good, and

we do not feel authorized to hold the evidence insufficient.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant in a very earnest and forceful motion insists that the state's witness, upon whose testimony the conviction rests, was unworthy of belief. There is no bill of exceptions complaining of the admission of evidence nor of the manner in which the issues were submitted to the jury. The state's witness testified to facts which, if true, constitute an offense. Appellant testified to a state of facts which, if believed, would have exculpated him.

[3] This court has never assumed the right, where the evidence is sufficient, if believed, but conflicting, to set aside the verdict because the judges might, if they had been upon the jury, have believed the evidence of one witness and disbelieved that of another. The contrary view has been taken by this court throughout its history, and by the Supreme Court when it had jurisdiction of criminal matters. Shaw v. State, 27 Tex. 757; Lockhart v. State, 3 Tex. App. 567; O'Connor v. State, 37 Tex. Cr. R. 267, 39 S. W. 368; Turner v. State, 37 Tex. Cr. R. 451, 36 S. W. 87; and numerous cases listed in White's C. C. P. p. 601, § 942. In fact White's C. C. P. art. 766, in terms provides that:

"The jury, in all cases, are the exclusive judges of the facts proved, and of the weight to be given to the testimony."

To the same effect is article 734, C. C. P., as follows:

"The jury are the exclusive judges of the facts in every criminal case."

Later expressions of the court will be found in Vernon's C. C. P. p. 689, note 15.

The motion for rehearing is overruled.

━━━━━━━

### ODOM v. STATE. (No. 4818.)

(Court of Criminal Appeals of Texas. Jan. 23, 1918. Rehearing Denied Feb. 20, 1918.)

1. CRIMINAL LAW ⚖➔1090(1)—APPEAL—REVIEW—BILL OF EXCEPTIONS.

　　In the absence of a bill of exceptions, no alleged errors in the admission or rejection of evidence, the charge, or the argument of the counsel can be reviewed.

2. CRIMINAL LAW ⚖➔804(1) — TRIAL—INSTRUCTIONS—MISDEMEANORS.

　　In the absence of request, a written charge is unnecessary in a prosecution for a misdemeanor.

3. CRIMINAL LAW ⚖➔1038(3)—APPEAL—REVIEW—REQUESTS.

　　Omissions in the charge in a misdemeanor case cannot be reviewed in the absence of the refusal of a request to correct them.

4. CRIMINAL LAW ⚖➔1088(18)—EXCEPTIONS—BILL OF—RESERVATION TO OVERRULING MOTION FOR NEW TRIAL.

　　That a bill of exceptions is reserved to the overruling of a motion for a new trial and em-

bodies the motion does not authorize the court to consider matters thereunder, except in cases where proof is heard as to allegations of fact, and such evidence is embodied in the bill of exceptions with the motion for new trial.

5. CRIMINAL LAW ☞1090(11)—EXCEPTIONS—NECESSITY.

Matters relating to the manner of a trial, including those pertaining to the selection of the jury or the argument of counsel, are not reviewable on appeal, unless verified by bill of exceptions, though defendant was without counsel in the court below.

6. CRIMINAL LAW ☞1090(16)—BILL OF EXCEPTIONS—NECESSITY.

Matters of fact set up in a motion for new trial which are not verified by bill of exceptions or statement of evidence filed during the term cannot be reviewed; this being the uniform rule as to assignments concerning the denial of a motion for a new trial requested on the ground of newly discovered evidence.

7. CRIMINAL LAW ☞1124(2)—NEW TRIAL—DENIAL.

Where new trial is sought upon the ground of newly discovered evidence, the overruling of the motion cannot be reviewed in the absence of affidavits of the purported new witnesses or a satisfactory explanation of the failure to produce them.

8. CRIMINAL LAW ☞945(1) — AGGRAVATED ASSAULT—NEW TRIAL—DENIAL.

As the probable truth of newly discovered evidence is an essential requisite to the granting of a new trial, a motion for new trial after conviction for aggravated assault cannot be granted on the ground of alleged newly discovered evidence that before defendant struck the prosecuting witness the latter put his hand behind him in the region of his hip pocket and made some remark to defendant, where defendant himself had testified that he made up his mind to whip the prosecuting witness because the latter had assisted in the prosecution against his father, and that he followed him from the courthouse and walked up behind him, and without a word struck him over the head with a beer bottle.

9. ASSAULT AND BATTERY ☞92—AGGRAVATED ASSAULT—EVIDENCE—SUFFICIENCY.

In a prosecution for aggravated assault, evidence held sufficient to support a conviction.

10. ASSAULT AND BATTERY ☞100 — AGGRAVATED ASSAULT—PUNISHMENT.

Where defendant without provocation, pursuant to a previously conceived plan, came up behind the prosecuting witness and struck him down with a beer bottle, a verdict assessing punishment at $500 fine and imprisonment in the county jail for 12 months is not excessive, so as to be subject to review on appeal.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Red Odom was convicted of the offense of aggravated assault, and he appeals. Affirmed.

Jas. D. Buster, of Sherman, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was indicted and convicted for the offense of aggravated assault, and his punishment fixed at a fine of $500 and confinement in the county jail for 12 months.

There are no bills of exception in the record except a bill embodying appellant's motion for new trial. This motion is verified by the affidavit of appellant, but not otherwise supported by evidence so far as the record shows. Reference is made to certain affidavits which, if introduced, are not brought forward in the record.

[1] Appellant, it appears, at the time of his trial was not represented by attorney. No exceptions were taken to the procedure so far as it is disclosed. A motion for new trial was prepared by an attorney evidently obtained subsequent to the conviction. It challenges the sufficiency of the evidence and raises various questions of procedure relating to the introduction of evidence, alleged errors in the charge, and improper argument of the prosecuting attorney, none of which matters except the sufficiency of the evidence can be a subject of review in the absence of bills of exception. It is also based upon alleged newly discovered evidence and the alleged fact that the jury was selected by the prosecuting attorney without challenges by appellant, and that it was a prejudiced jury.

The injured party was Clayton Holland, a young man about 20 years of age. The appellant testified as follows:

"This boy Holland had turned my father in for selling whisky, and I·made up my mind to whip him for doing it. I followed him out of the courthouse and down to the southwest corner of the square, and there hit him over the head with a beer bottle. I did not mean to kill him. The·bottle was not wrapped in a newspaper. I never had a conversation with him in my life. They were trying my father, and Holland had not testified. I went into the sheriff's office and saw him in there and got me a pint beer bottle and waited in the courthouse until he came out. I followed him out of the south door, and when he was crossing Lamar street, I walked up behind him and hit him over the head with the bottle. The blow broke the bottle and the glass scattered there on the street. Yes; I guess I did jump on him and kick him with my feet. No; I was not trying to kill him. Yes; I did knock him unconscious. I never said a word to him as I came up behind him; he did not turn around or say anything to me. Holland is not so old apparently as I am, and is not so tall. I am a grown man. I did not slip up behind him; I just walked up and hit him."

The injured party, Holland, testified that at noon he walked out of the courthouse to the southwest corner of the square, then started across the street, and had gotten almost to the other side, and that was the last he remembered until he woke up at a doctor's office about 1:30 p. m. with his face and head skinned and bruised; that he did not know who or what hit him; had never had trouble with appellant or a conversation with him. After he waked up he was very sick, and a place behind his ear was sore for several weeks, leaving a scar about one inch to one and a half inches long.

Several eyewitnesses testified; one of them as follows:

"I noticed a young man crossing the street. When he was just past the middle of Lamar street I saw another man taller than the first one walking fast or trotting, come from the

southwest corner of the square up behind the first young man I saw, and when he got behind him I saw him raise something above his head, which I took to be a newspaper rolled up. I stopped and watched him hit the other fellow; thought the other fellow would jump when he struck him; thought all the time he was just slipping up behind a friend as fellows do and was going to scare him. But when he brought the object down on the back of the other man's head the other fellow just wilted and sank down on the pavement, and I saw glass flying. When the assaulted party dropped to the pavement, the man who struck him jumped on him with both feet and kicked him and stomped him in the face and head and over the body. The man who kicked and struck appellant was Red Odom, defendant. There was no conversation between them. The man who was struck never had time to even turn around toward the man who hit him."

Three other witnesses described the assault in substantially the same manner. Holland was picked up unconscious and taken to the doctor's office. The physician testified that his face was covered with abrasions and deep bruises, severe bruises on the head, on the ear, and the scalp cut; he took no stiches because he thought that there was a fracture or concussion of the brain; he was unconscious and remained so for about an hour after reaching the witness' office; he found there was no fracture, but wounds such as would be made by a blow from a heavy instrument; that a blow from behind with a beer bottle in the manner described was calculated to and usually produced a fracture, concussion of the brain, and frequently death; that a beer bottle in his opinion is a deadly weapon used in the manner described; that the injury was a serious one likely to cause serious trouble in the future.

The indictment charged an aggravated assault with a deadly weapon, also causing serious bodily injury, also with premeditated designs, and by the use of means calculated to inflict bodily injury. The court gave a written charge submitting the issues, the presumption of innocence, and advised the jury that they were the exclusive judges of the credibility of the witnesses.

[2] The law does not require a written charge in a misdemeanor case in the absence of request. Waechter v. State, 34 Tex. Cr. R. 297, 30 S. W. 444, 800; Lutrall v. State, 64 Tex. Cr. R. 411, 142 S. W. 588; Stubbs v. State, 71 Tex. Cr. R. 390, 160 S. W. 87; Robey v. State, 73 Tex. Cr. R. 9, 163 S. W. 713; Goode v. State, 75 Tex. Cr. R. 550, 171 S. W. 714.

[3] This court is not authorized to consider the complaint of an appellant in a misdemeanor case of omissions in a charge in the absence of refusal of request to correct them. Kosmoroski v. State, 59 Tex. Cr. R. 296, 127 S. W. 1056; Elliott v. State, 59 Tex. Cr. R. 1, 127 S. W. 547; Webb v. State, 63 Tex. Cr. R. 207, 140 S. W. 95; Drummond v. State, 71 Tex. Cr. R. 260, 158 S. W. 549; Scott v. State, 76 Tex. Cr. R. 410, 175 S. W. 1054; Giles v. State, 66 Tex. Cr. R. 638, 148 S. W. 317.

[4] The fact that a bill of exception is reserved to the overruling of a motion for a new trial, and embodies the motion, adds nothing to the weight of the motion nor to the authority of the court to consider matters thereunder, except in cases where proof is heard as to allegations of fact, and this evidence is embodied in the bill of exception with the motion for new trial. Stubbs v. State, 71 Tex. Cr. R. 390, 160 S. W. 87; Goodwin v. State, 63 Tex. Cr. R. 142, 138 S. W. 399; Basquez v. State, 56 Tex. Cr. R. 330, 119 S. W. 861; 2 Vernon Crim. Stats. p. 526, note 65, and cases cited; also same volume, p. 536, note 19, and cases cited.

[5] Matters relating to the manner of trial when not verified by bill of exception are not reviewable upon appeal, even though the appellant was without counsel in the court below. Compton v. State, 67 Tex. Cr. R. 15, 148 S. W. 580; Vernon's C. C. P. p. 532, note 10, and cases cited. The same is true with reference to arguments. Vernon's C. C. P. p. 533, note 12 and cases cited; Anderson v. State, 39 Tex. Cr. R. 34, 44 S. W. 824; Greer v. State, 62 Tex. Cr. R. 81, 136 S. W. 451; Henry v. State, 66 Tex. Cr. R. 268, 146 S. W. 879. This applies to matters pertaining to the selection of the jury. Miller v. State, 91 S. W. 583; Johnson v. State, 60 Tex. Cr. R. 305, 131 S. W. 1085; Ellington v. State, 63 Tex. Cr. R. 427, 140 S. W. 1101; and other cases cited in Vernon's C. C. P. p. 530, note 7.

[6-8] Matters of fact set up in motion for a new trial, which matters of fact are not verified by bill of exceptions or statement of evidence filed during the term, cannot become the subject of review. Marshall v. State, 5 Tex. App. 273; Cooper v. State, 66 Tex. Cr. R. 441, 147 S. W. 273; Howard v. State, 65 Tex. Cr. R. 25, 143 S. W. 178; Sharp v. State, 71 Tex. Cr. R. 633, 160 S. W. 369; Terry v. State, 73 Tex. Cr. R. 79, 164 S. W. 2; Vernon's C. C. P. p. 536, note 20, and cases cited. This principle has been uniformly applied to assignments concerning newly discovered evidence. Vernon's C. C. P. p. 536, note 19. And the uniform rule applied in this court is that, where a new trial is sought upon the ground of alleged newly discovered evidence, the action of the trial court in overruling it cannot be reviewed in the absence of the affidavit of the purported new witnesses, or a satisfactory explanation of the failure to produce them. Stallworth v. State, 66 Tex. Cr. R. 428, 147 S. W. 238; Vernon's C. C. P. p. 806, note 13; also Vernon's C. C. P. art. 837, subd. 6, and cases cited, pages 778-785. The probable truth of the newly discovered evidence is also an essential requisite. Gass v. State, 56 S. W. 76; C. C. P. p. 786, note 11; Alexander v. State, 199 S. W. 295, and cases cited.

The proposed newly discovered evidence was that of two witnesses. By one it was alleged that proof could be made that at the

time of the difficulty and immediately preceding the blow the prosecuting witness Holland put his hand behind him in the region of his hip pocket and made some remark to appellant while facing the appellant. By another that appellant did not slip up behind Holland, or run up behind him; that Holland looked and saw defendant and had some words with him before the blow was struck. As above stated, these allegations were not supported by the affidavit of the absent witnesses, nor was absence of such affidavits accounted for. If such had been the case, however, in view of the facts developed upon the trial, including the appellant's testimony, the trial court's conclusion that it is not probably true would not have been unjustified. Appellant testified that he made up his mind to whip the injured party, followed him to the place where the other witnesses testified he was struck, and hit him over the head with a beer bottle; that he never had any conversation with him; that he walked up behind him and hit him on the head, and never said a word to him as he came up behind him, and the injured party did not turn around or say anything to appellant.

[9, 10] The evidence, we think, is sufficient to support the verdict, and the punishment assessed is not such as to authorize this court to disturb the verdict approved by the court below. It is not higher than has frequently been approved in cases not more aggravated. Jobe v. State, 76 Tex. Cr. R. 216, 173 S. W. 1025; Inglen v. State, 36 Tex. Cr. R. 472, 37 S. W. 861; Cucllar v. State, 69 Tex. Cr. R. 155, 154 S. W. 228.

The judgment of the lower court is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes