CHARLEY MODEST v. THE STATE.

No. 7763.   Decided May· 30, 1923.

Theft—Sufficiency of the Evidence—Accomplice.

Where, upon trial of theft, the question of accomplice testimony was submitted to the jury under proper instructions who settled that issue of fact against defendant, and there was sufficiency evidence to support the conviction there is no reversible error.

Appeal from the District Court of Stephens.   Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for theft of a "steam boiler," and his punishment assessed at three years confinement in the penitentiary.

There are no bills of exception in the record and the only question for us to determine is the sufficiency of the evidence to support the conviction.   Prior to June 20th, 1922, the Atlantic Company had drilled an oil well about six miles from Crystal Fallls in Stephens County.   The well had been abandoned.   The drilling tools and some apparatus had been moved away, but the boiler and heavy timbers had been left.   About June 20th the boiler was stolen, and its theft being reported, investigation resulted in the discovery of it. on a car in Fort Worth in transit to Gilmer where it had been shipped from Breckenridge.   The officers followed to its destination and there took into custody the man to whom it had been shipped.   It developed upon the trial that Pennington, Burrows and Kane hauled the boiler from the well to Breckenridge.   Appellant and one J. H. Osborne were charged with the theft of it.   Neither appellant nor Osborne was present at the time the boiler was hauled but both  were present at the time it was loaded on the car for shipment.   The sufficiency of the evidence turns upon the question as to whether the witness Burrows was an accomplice, as it is only by his testimony that appellant's connection with the theft is established.   Burrows' testimony was to the effect that appellant asked him if he knew where he could sell a boiler, and if witness could haul one for him; that witness told him he could haul it but was not able to tell him where he could sell it;  that some days after this conversation appellant and Osborne

took witness with them in a car which belonged to and was driven by Osborne to the place where the boiler was located in order that he might look over the ground and see if he could move the boiler in for shipment; that from the conversation between appellant and Osborne he was under the impression that Osborne was buying the boiler from appellant. Osborne paid witness for hauling the boiler in. We gather from the record that the car upon which it was to be shipped had been ordered but had not been ''spotted'' and the boiler was left at Burrows' house for a couple of days until the car could be placed so that the loading could be effected. Pennington and Kane were employed by Burrows to help haul the boiler and no question was raised as to knowledge on their part that it was being stolen. If the testimony of Burrows is to be believed it establishes a conspiracy to steal the boiler participated in by Osborne and appellant, and establishes the guilt of appellant, unless Burrows was an accomplice. As to whether or not he was such was submitted to the jury under proper instructions, and they settled that issue of fact against appellant and in favor of the state. There is nothing in the record from which we would be justified in concluding as a matter of law that Burrows was an accomplice. It is not shown that he knew who was the owner of the boiler in question, and his connection with the matter could reasonably have been solved by the jury upon the theory borne out by the evidence that he was acting for appellant and Osborne in everything that he did without knowledge of any fraudulent intent upon their part. He was first approached by appellant with a request to haul a boiler, and could reasonably have concluded from Osborne's and appellant's connection with the matter that Osborne was buying the boiler, as the latter paid him for hauling it for shipment. We would not be authorized under the record to disturb the finding of the jury on the issue as to Burrows' complicity or otherwise in the transaction.

The judgment is therefore affirmed.

*Affirmed.*