BAILEY COKER v. THE STATE.

No. 16162. Delivered December 13, 1933.
Rehearing Denied February 14, 1934.
Reported in 67 S. W. (2d) 868.

The opinion states the case.

*Jas. C. Mahan,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful transportation of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

· An automobile which had been moving upon the public highway was stopped at a filling station at the time of the arrest of the appellant. In the car there were a number of bottles containing whisky and also some empty bottles. Clarence Harmon, the appellant and a lady were in the car at the time. According to the officers who made the arrest, the appellant's conduct was such as to show that he was aware of the fact that the whisky was in the car. The appellant's defense was that he did not know that the whisky was in the car. On the conflicting testimony, the jury's conclusion was in favor of the state. In the charge of the court, the jury was informed touching the law of circumstantial evidence in an appropriate and approved manner. The finding of the jury upon the controverted issue of fact is in favor of the state.

There are no bills of exception and no brief for the appellant before this court. The fact that the appellant was in the automobile at the time the whisky was transported is not controverted. The circumstances are sufficient to support the conclusion of the jury that the appellant was engaged in the unlawful transportation of intoxicating liquor.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant presents only the proposition that his wife, a witness in his behalf on the trial of this cause, was cross-examined by the state in regard to matters foreign to her testimony given in chief. There is no bill of exceptions complaining of this matter. The authorities are uni-

form in holding that for a supposed error in a procedure like this, to be available to the accused, he must have reserved an exception to the action of the court in permitting same. White v. State, 79 Texas Crim. Rep., 345; Odom v. State, 82 Texas Crim. Rep., 580; Shaw v. State, 89 Texas Crim. Rep., 205; Withington v. State, 245 S. W., 912; Modest v. State, 94 Texas Crim. Rep., 470.

The motion for rehearing will be overruled.

*Overruled.*