## BOEDECKER v. STATE.
### No. 24263.

Court of Criminal Appeals of Texas.
Feb. 9, 1949.

Rehearing Denied March 16, 1949.

C. O. McMillan, of Stephenville, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense is aggravated assault; the punishment, a fine of $250.

The record is before us without a statement of facts or bills of exception. Nothing is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing

KRUEGER, Judge.

On a former day of this term of court, we affirmed the judgment of the trial court in this case because the transcript was not accompanied by a statement of facts, in the absence of which we could not properly appraise his complaints. Appellant has filed a motion for a rehearing accompanied by a statement of facts which shows that it was filed in the court below within the time prescribed by law, but the clerk failed to forward it to this court.

Appellant insists that the evidence is insufficient to show that he is guilty of an aggravated assault as found by the jury. There is evidence in the record which shows that appellant became angry at T. S. Slaughter, a fireman on a railroad engine; that he shot at or towards Slaughter with a pistol. The engineer testified that he saw appellant pointing a pistol at the fireman, Slaughter, and heard it pop. Appellant testified, among other things, as follows: "I did not intend to shoot the gun when it fired. I only wanted them to quit blowing hot steam on me." It will be noted that the uncontroverted evidence shows that appellant had a pistol on the night in question and that he fired it. There is also evidence to the effect that he was pointing the pistol at Slaughter when it was fired. Appellant testified that he did not intend to injure Slaughter but merely to stop him from blowing hot steam on him. It will be noted that this raised an issue of fact as to his intent which the jury decided adversely to him.

The court instructed the jury on the law of aggravated assault, simple assault, and on accidental discharge of the pistol. If appellant was dissatisfied with the court's charge, he was not only required to except thereto but was also required to prepare and submit a correct charge since it was a misdemeanor case. This he did not do. See Lutrall v. State, 64 Tex.Cr.R. 411, 142 S.W. 588, 589, wherein this court said, "In a misdemeanor case, wherein the court submits a written charge to the jury, if appellant desires to assign any errors in regard to such charge, he must except at the time to such charge and submit a written charge in regard to such matter, and, if he does not do so, this court will not pass thereon." See also

Vernon's Ann.C.C.P. art. 662; Singleton v. State, Tex.Cr.App., 200 S.W.2d 1015, and authorities there cited.

All other matters complained of have been considered and are deemed to be without merit.

Appellant's motion for a rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.