### ODELL BURGESS v. THE STATE.

No. 10923.    Delivered May 11, 1927.

Rehearing denied June 8, 1927.

**1.—Theft, a Misdemeanor—Appeal Bond—Held Sufficient.**

Where appellant was convicted of a misdemeanor theft, and his motion for a new trial was overruled, and notice of appeal given, his appeal bond, which was approved by the County Judge, in vacation was sufficient to give this court jurisdiction of the appeal.    Distinguishing White v. State, 221 S. W. 283.    See Art. 830, C. C. P. 1925.

**2.—Same—Evidence—Properly Admitted.**

Where appellant was on trial for theft of four chickens, and the evidence disclosed that four chickens, which were stolen from prosecuting witness Logan were found and identified, there was no error in permitting the state to prove that four other chickens belonging to Jack Sutton,

which were also stolen on the same night, were found in the same coop and at the same time, in which the chickens of prosecuting witness were found.

### 3.—Same—Requested Charge—Must Be in Writing.

There was no error in the trial court refusing to charge the jury on circumstantial evidence, on the verbal request of appellant. A requested charge in a misdemeanor case must be presented in writing. See Art. 662, C. C. P. Following Elliott v. State, 59 Tex. Crim. Rep. 1, and other cases cited.

ON REHEARING.

### 4.—Same—Evidence—Held Sufficient.

On rehearing, appellant challenges the sufficiency of the evidence to support the verdict. While circumstantial, the evidence, in our opinion, sufficiently identified the stolen chickens, and the motion for rehearing is overruled.

Appeal from the County Court of Wood County. Tried below before the Hon. H. V. Puckett, Judge.

Appeal from a conviction of misdemeanor theft, penalty a fine of one dollar and one day in jail.

The opinion states the case.

*Bozeman & Cathey* of Quitman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the County Court for the offense of petty theft, and his punishment assessed at a fine of one dollar and one day in jail.

The indictment charges the theft of four hens, of the value of fifty cents each, from the possession of Earnest Logan.

We find in the record a motion to dismiss the appeal, filed by the County Attorney of Wood County. In support of the motion, it is shown that the appellant was convicted on the first day of December, 1926, after which he filed a motion for a new trial; that on the first day of January, 1927, the motion for new trial was overruled, and the appellant gave notice of appeal; that after the motion for new trial was overruled, appellant filed an appeal bond, which was approved by the County Judge in vacation. The motion to dismiss further alleges that the sheriff never took possession of the appellant, and never placed him in jail by reason of his conviction; that the appellant never, at any time during the term at which he was convicted, entered into a recognizance. The motion to dismiss is supported by an affi-

davit of the sheriff which shows that he never at any time placed the appellant in jail by reason of said conviction, and that the appellant is still at large.

In support of the contention that the appeal ought to be dismissed, we are cited to the case of White v. State, 221 S. W. 283. In that case appellant was convicted for a misdemeanor, and the contention was that the record did not contain a recognizance or any affirmative showing that the appellant had been continuously in jail. The record in the White case neither showed a recognizance nor an appeal bond. In the instant case, we find in the record an appeal bond.

The statute, Art. 830, C. C. P., provides as follows:

"If for any cause the defendant fails to enter into recognizance during the term at which he was tried, but gave notice and took an appeal from such conviction, he shall be permitted to give bail and obtain his release from custody by giving, after the expiration of such term of court, his bail bond to the sheriff with two or more good and sufficient sureties," etc.

For some reason, which the record does not disclose, the appellant in the instant case failed to enter into a recognizance, but he did execute an appeal bond, which was approved by the trial judge.

On motion for rehearing in the White case, the court, in considering Art. 918, C. C. P. (now Art. 830, C. C. P.), used this language:

"This gives to the appellant the right to make a bail bond after the expiration of the term of court at which he was convicted, but does not seem to change the necessity for the record upon appeal to show that he was either in jail or at large upon bail or recognizance. He may be in custody, and that fact appear of record, in which event the jurisdiction of this court will attach, or he may be on recognizance, made during the trial term, or on bail given after the expiration of said trial term, *either of which latter facts appearing of record,* our jurisdiction would also attach."

In the instant case, the record discloses that the appellant is on bond made after the expiration of the trial term, which would give this court jurisdiction. The distinction between the White case, supra, and the instant case, is that in the White case there appeared in the record neither a recognizance nor an appeal bond nor a certificate that the appellant was in *custody, while in the instant case we find in the record an appeal bond.

Appellant has two bills of exception in the record. Bill of exception No. 1 complains of the action of the trial court in

permitting the witness Jack Sutton to testify that he lost four hens on the night of May 29, 1926 (Saturday), and found them on the Monday or Tuesday following at the store of L. D. Amason. Appellant's objection was that he was charged with the theft of four hens from Earnest Logan, and the testimony of the witness Sutton was evidence of another and different offense with which the appellant was not in any way connected, and was prejudicial to the rights of appellant. We are unable to agree with this contention. The witness Earnest Logan, whose chickens appellant is charged with stealing, lost four hens Saturday night, May 29, 1926. The following Monday or Tuesday he identified his hens at the store of L. D. Amason. L. D. Amason testified he purchased four hens from appellant and some hens from Earl Henderson, they being together at the time Amason made the purchase; that he purchased these hens from appellant and Henderson about 4 o'clock Sunday morning, the 30th of May, 1926. On the same night Logan lost his four hens, the witness Jack Sutton lost four or five hens, which he identified the following Monday or Tuesday at the store of L. D. Amason. Sutton testified he lost his hens on the same Saturday night Logan lost his. We find appellant and Henderson, each with a sack of hens, appellant's sack containing four hens (we do not know how many hens were in Henderson's sack), selling them to Amason on Sunday morning at 4 o'clock—an unusual day and hour to be engaged in the sale of chickens. It is a strange coincidence that Logan and Sutton should each lose four hens on the same night, and each find them the following Monday or Tuesday in the same chicken coop in possession of the same man. The evidence of the witness Sutton is so closely connected with the entire transaction that same is admissible as tending to connect appellant with the offense.

The appellant, in his second bill of exception, complains because the court failed to charge on circumstantial evidence. The appellant requested a charge on circumstantial evidence, but did not prepare a charge in writing and tender it to the court. Art. 662, C. C. P., is as follows:

"The court is not required to charge the jury in a misdemeanor case except at the request of counsel on either side. When so requested he shall give or refuse such charges, with or without modification, as are asked in writing."

The appellant, having failed to prepare his special charge on circumstantial evidence and request the court to give same, is precluded from raising this question on appeal. Elliott v. State,

59 Tex. Crim. Rep. 1; Ellis v. State, 59 Tex. Crim. Rep. 626; Ellis v. State, 59 Tex. Crim. Rep. 630; Webb v. State, 63 Tex. Crim. Rep. 207.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On Saturday night, the 29th of May, four hens were taken from the premises of Logan. On Monday or Tuesday following, Logan went to the place of business of Amason, at Quitman, about seven miles distant, and there found the four hens that he had lost and took possession of them. Amason testified that he conducted a peddler wagon and dealt in chickens; that on Sunday morning about 4 o'clock he purchased some hens from the appellant. The appellant, at the time, was in company with Earl Henderson, and each of them had hens in a sack. It was dark and the witness was not able to identify the chickens, but he weighed them and Henderson and the appellant put them in the chicken-house. Logan later identified the four hens which were in the chicken house as those which had been stolen. It was also shown that on the same night one Sutton, who lived in the neighborhood, had lost four or five hens, which were also found in the possession of Amason.

Appellant introduced his brother, a youth about seventeen years of age, whose testimony was to the effect that he had seen the appellant about 11 o'clock on the night of May 29; that a sack containing some chickens was in his possession; that the appellant got in his car and drove away in the direction of Quitman. Like testimony came from a witness who claims to have been with the brother of the appellant at the time. The appellant's mother testified that she missed some chickens on the night of May 29. No effort was made to identify the stolen chickens as those which she had lost. Appellant testified that the chickens which he sold to Amason came from his mother's place and were her chickens.

Against the sufficiency of the evidence the point is stressed that Amason did not identify the hens which Logan found in

Amason's coop as those which he had bought from the appellant. The chickens belonging to Logan and Sutton were in the coop but there is no evidence that there were any others. If there were other chickens in the possession of Amason, the record fails to disclose it. The chickens claimed to have been lost by the appellant's mother were not identified, but those in the possession of Amason were definitely identified by the owners. Appellant testified that at the time he and Henderson were at Amason's place together, each of them had a bag of chickens; that they had been driving a car and were in need of gasoline; that they sold the chickens in order to get money to buy gasoline. We think the evidence circumstantially identifies the chickens in the possession of Amason, belonging to Logan, as those sold to Amason by the appellant.

The motion for rehearing is overruled.     ·     *Overruled.*