JOHN DOBIE v. THE STATE.

No. 14968.   Delivered March 2, 1932.
Rehearing Denied April 20, 1932.
Second Motion for Rehearing Denied May 25, 1932.

The opinion states the case.

*T. H. Miller,* of George West, and *Sid Malone,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, hunting deer at night with a headlight; the punishment, a fine of $50.

The evidence in brief shows that two game wardens on June 13, 1931, made a trip to the vicinity of what was known as the Dick Dobie place and while they were at said place they saw flashes of a headlight from time to time. They waited in a public road with the lights of their car off until the light came nearer and they saw two men approach another car parked a short distance away. When the two men approached, they were discovered to be one L. W. Hardy and the defendant, John Dobie. Said Hardy had on his head a headlight and had come with the appellant from the place where the witnesses had seen the flashes of said headlight on the Dick Dobie place. Both the appellant and Hardy had rifles. The testimony further showed that the Dick Dobie place on which the headlight was being used by the appellant and Hardy was in a community where deer were known to range and they were using said headlight at night after one half-hour after sunset and one-half hour before sunrise. The record shows that other witnesses testified in behalf of the state and the testimony of each of them was substantially the same as that above stated.

The appellant testified that on the occasion in question, L. W. Hardy accompanied him at his request to what is known as the Dick Dobie place and said Hardy had a rifle and a headlight, while the appellant had a rifle.

Appellant complains of the action of the trial court in refusing to permit him to introduce in evidence the following evidence as a defense to said charge: "That on the premises on which appellant was alleged to have committed said offense, appellant had planted and was growing approximately 75 acres of watermelons and the deer were destroying said watermelons and had been so doing during the days immediately preceding said date and continued to so do during the days immediately succeeding said date and up until about the end of the watermelon season of the year 1931. That at the time complained of the appellant was endeavoring to protect his crop from depredation by any animal, and that he was then and there as a tenant in charge and control of the premises on which said offense is alleged to have been committed, and that his sole purpose on the occasion in question when he was alleged to have committed said offense was to protect such crop from being destroyed by deer or by other animals, and without any intention of appropriating any of such animals to the use of himself or any other person."

Article 902 of the Penal Code provides: "It shall be unlawful for any person at any time of the year to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as a headlight or hunting lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light. The possession of a headlight, or any other hunting light used on or about the head when hunting at night, between sunset and one-half hour before sunrise, by any person hunting in a community where deer are known to range, shall be prima facie evidence that the person found in possession of said headlight, or other hunting light, is violating the provisions of this article."

Article 888, Penal Code, provides: "Whenever any wild birds, wild fowls, or wild animals, protected under the provisions of this chapter, are destroying crops or domestic animals, the Game, Fish and Oyster Commissioner is hereby authorized to permit the killing of such wild birds or wild animals, without regard to the open or closed season, bag limit, or night shooting; but before such permission shall be granted, the commissioner aforesaid shall be furnished with a statement of facts, sworn to by persons whose property is being injured, with the endorsement of the county judge of the county in which the crops are being destroyed or domestic animals being injured or killed, to the effect that the sworn statement is true, and that such crops or domestic animals can only be preserved by the granting of such permit. Such permit when issued shall distinctly state the time for which it is granted, the area which it covers, and a designation of the person or persons permitted to kill the noxious birds and animals named in such permit."

The ownership of wild game, so far as it is capable of ownership, is in the state for the benefit of all its people in common, and it is within the police power of the state legislature, subject to constitutional restrictions, to make such general or special laws as may be reasonably necessary for the protection of public rights in such game, and within such power is the right to regulate the method of taking or hunting game in the state.

There is no contention in this case that the conditions under which a permit to kill wild animals that are depredating or destroying crops, as provided for in article 888, P. C., are unreasonable. The evidence showed without dispute that the appellant was hunting between the time prohibited by article 902, P. C., with a headlight in a community where deer are known to range. The evidence that appellant was not permitted to show was to the effect that wild animals had been destroying his crops previous to the time that he was accused of hunting with a headlight, and there was no showing by said evidence attempted to be proven that appellant had taken any steps, as provided by article 888, P. C., to obtain authority to kill any wild animals that were destroying his crop. We feel constrained to hold, under the record as presented to us, that it was the duty of appellant, in order to have the right to protect his crop, to have followed the mode prescribed by article 888, P. C. Having failed to do this, we hold that the evidence sought to be admitted, the rejection of which is complained of, was not admissible in justification of the offense charged against appellant.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

Morrow, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined with interest appellant's motion for rehearing and the written argument submitted in connection therewith, but our views remain the same regarding the disposition of the case.

Facts might arise which would justify the owner of property threatened with destruction to act for its protection without resorting to the remedy pointed out by article 888, P. C., referred to in our original opinion, but such conditions are not shown to have existed in the present case.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant asks leave to file a second motion

for rehearing. No objections were made to the complaint or information. No defense was offered that appellant was hunting TAME deer. No exceptions were taken to the court's charge.

In misdemeanor cases no written charge is necessary, nor will errors in charges given in such cases be ordinarily considered when raised here for the first time. In such cases exceptions must be taken and special charges asked. Webb v. State, 63 Texas Crim. Rep., 207, 140 S. W., 95; Odom v. State, 82 Texas Crim. Rep., 583, 200 S. W., 833; Burgess v. State, 107 Texas Crim. Rep., 93, 296 S. W., 318. That the affidavit did not charge that appellant hunted *wild* deer, seems an allegation not required in a prosecution under article 902, P. C.

Leave to file second motion for rehearing is denied.

*Denied.*