**Joe Q. SULLIVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39212.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Vernis Fulmer, Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction from which this appeal is prosecuted was upon complaint and information alleging that appellant did "unlawfully kill a doe deer." Appellant was found guilty as charged and the jury assessed his punishment at a fine of $200.

Art. 910 V.A.P.C. makes it unlawful "for any person to take, kill, wound, shoot at, hunt or possess, dead or alive, any *wild* female deer."

In a prosecution under this statute it is necessary that the state allege and prove that the female or doe deer was wild, as distinguished from one in captivity or visibly in control of some person.

"*Wild* deer" are declared to be game animals. Art. 892 V.A.P.C.

All *wild* animals within the borders of the state are declared to be the property of the people of the state. Art. 871a V.A.P.C.

Art. 910 V.A.P.C. is one of the statutes enacted by the Legislature under its authority to make laws reasonably necessary for protection of public rights in *wild* game. Dobie v. State, 120 Tex.Cr.R. 72, 48 S.W.2d 289. A doe deer other than a wild or game animal is not protected by Art. 910 V.A.P.C.

The complaint and information, having omitted the necessary allegation that the female or doe deer killed was wild, charged no offense and appellant's motion to quash should have been sustained. Stone v. State, 116 Tex.Cr.R. 110, 31 S.W.2d 1077.

Attorney General Price Daniel so ruled in 1947, Opinion No. V–59.

Our prior order reversing the conviction and the opinion remanding the cause are withdrawn.

The complaint alleging no offense, the judgment is reversed and the prosecution ordered dismissed.