

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 8, 1971

Honorable John W. Berry
County Attorney
Karnes County
Karnes City, Texas    78118

Opinion No. M- 770

Re: Right to possession
of a deer killed up-
on land of another
without his consent.

Dear Mr. Berry:

You have requested our opinion on the following matter:

"X, a trespasser, kills a deer on A's land without
A's consent. However, X kills the deer within legal
hours, has a hunting license, tags the deer with his
own tag, all other details concerning the hunt are
within the law, except the fact that X has no per-
mission to hunt on A's land. X pays a fine for tres-
passing, but claims that he is entitled to keep the
deer. A, the landowner, claims the deer belongs to
him since it was killed on his property. Z, the
game warden, contends that the deer belongs to the
State (to be given to a charitable organization).
TO WHOM DOES THE DEER BELONG, X, A, OR Z?"

You further advise us that this is not a hypothetical question
in that you have been confronted with this question several
times, and that your designation of parties is to protect the
identities of persons concerned.

"The ownership of wild game, so far as it is capable of
ownership, is in the State for the benefit of all its people
in common, and it is within the police power of the State
Legislature, subject to constitutional restrictions to make
such general or special laws as may be reasonably necessary for
the protection of public rights in such game, and within such
power is the right to regulate the method of taking or hunting
game in the state." Dobie v. State, 48 S.W.2d 289 (Tex. Crim.,
1932).

Ownership of all such animals is declared by statute to be in the State of Texas, as follows:

"All wild animals, wild birds, and wild fowl within the borders of this State are hereby declared to be the property of the people of this State." Article 871a, Vernon's Penal Code.

You state that it is the contention of the game warden that the deer in question belongs to the State and that it should be given to a charitable organization. The statutes provide certain methods, means and conditions under which wild game may be taken and the State thereby divested of its ownership therein. The statutes also provide for the disposition of game taken in violation thereof. Therefore, to determine the person entitled to the possession of the deer in question we must look to such statutes to see if the disposition thereof is specifically provided for.

Article 897, Vernon's Penal Code, provides, in part as follows:

"All wild birds, wild fowl, or wild game animals or parts thereof, which have been killed, taken in any way, shipped, held in storage, or found in a public eating place, contrary to the provisions of this chapter, shall be disposed of . . . by donating same to charitable institutions, hospitals, or needy widows and orphans." (Emphasis added).

The reference to "this chapter" is to Chapter 6 of Title 13 of the Penal Code of the State of Texas, 1925. Such chapter covers Articles 871 through 978n-2 of Vernon's Penal Code.

Karnes County is under the "Uniform Wildlife Regulatory Act". (Article 978j-1, Sec. 1, Vernon's Penal Code). Section 2 of this Act specifically provides, in part, as follows:

". . . it shall be unlawful for any person to hunt, take, kill or possess or attempt to hunt, take or kill any game bird or game animal in any county or in any portion of any county at any time, . . . unless the owner of the land or the water, or his duly authorized agent shall give consent thereto."

Your stated facts show that the owner of the land had not given his consent to the killing of this deer on his property; therefore, the killing of the deer was in violation of Article 978j-1. The deer having been killed in violation of Article 978j-1 was, therefore, killed contrary to the provisions of "this chapter," as referred to in Article 897 and should be disposed of in accordance with the provisions of said Article 897, to wit, ". . . by donating same to charitable institutions, hospitals, or needy widows and orphans."

### S U M M A R Y

Deer killed on land of another without consent of landowner or his agent in a county under Uniform Wildlife Regulatory Act should be released to game warden for charitable purposes in accordance with provisions of Article 897, Vernon's Penal Code.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
Roland Allen
Malcom Quick
Jack Sparks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant